# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

CAMMY CADWELL,

     Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

     Defendants.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Cammy Cadwell, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendants.

## PARTIES

1.      Plaintiff, Cammy Cadwell, is a natural person and citizen of the State of Colorado, with a current address of 625 Sundisk Drive, Loveland, Colorado 80538.

2.      Defendant, Hartford Life and Accident Insurance Company ("Defendant Hartford"), is a corporation and/or similar business entity which regularly conduct business in the State of Colorado.  The Defendant's registered agent for service of process is the C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

## JURISDICTION AND VENUE

3.      At all pertinent times, Better Life Partners, Inc. ("BLP") provided its employees

with wage replacement benefits (short term disability or "STD") pursuant to an employee benefit

plan as defined by the provisions of the Employee Retirement Income Security Act of 1974, 29

U.S.C. §1101, *et seq.,* ("ERISA").  Upon information and belief, BLP is the sponsor and

administrator of the benefit plan ("the Plan"). On further information and belief, BLP has

delegated to Defendant Hartford its obligation to make all benefit decisions at issue in this claim.

4.      At all pertinent times, Plaintiff was a full-time employee of BLP and was a

"participant" in or "beneficiary" of the Plan within the meaning of ERISA, and/or the Plan's

documents.

5.      Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was

covered by the provisions of the Plan, including coverage for STD benefits subject to the terms

and conditions of the Plan.

6.      This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address

violations of Plaintiff's rights protected by Federal law, including her rights under ERISA and

the subject ERISA Plan/policy.

7.      Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court

wherein Plaintiff resides, and wherein Defendants regularly conducts business and wherein (at

least part) of the wrongful conduct alleged herein occurred.

**STATEMENT OF THE FACTS**

8.      At all pertinent times, Plaintiff was employed as a first responder by Defendant BLP for substance abuse disorders, which is a position that requires sedentary level work but long hours and a high level of cognitive function, focus on detail, etc. As part of Plaintiff's job she would determine if emergency services were required.

9.      In or around March, 2023, Plaintiff was unable to continue working on a regular and full-time basis due to multiple health issues including but not limited to Post-Traumatic Stress Disorder ("PTSD"), depression and anxiety, and suicidal ideation.

10.     These medical conditions prohibited Plaintiff from continuing to perform the requirements of her job at BLP on a regular, consistent and/or full-time basis.

11.     Plaintiff's position requires the ability to work on a full-time basis, including but not limited to the ability to perform the tasks referred to above.

12.     As the aforementioned conditions prevented her from working on a full-time and regular basis, and from otherwise performing the other material requirements of her own occupation, Plaintiff applied to the Plan, through the Defendants, for STD benefits beginning in March, 2023.

13.     The Plan provides for STD if, due to sickness or injury, the employee is disabled from her own occupation.

14.     At all pertinent times Plaintiff:

        a.      Suffered from a sickness/illness; and

        b.      Was unable to perform the essential duties of her own occupation due to said sickness.

15.     Defendant initially approved Plaintiff's claim for STD.

16.     On or about May 30, 2023, Defendant terminated Plaintiff's STD.

17.     Thereafter, Plaintiff timely submitted the various appeals required by the Plan document and requested a review of her claim. Plaintiff provided additional medical documentation and other information in support of her claim, including additional information from her treating physician and/or other.

18.     Plaintiff also included additional information with her appeals, including medical records demonstrating the nature and extent of her ongoing disability and including supporting records.

19.     Defendant refused to alter its position and issued its final denial of Plaintiff's claim on or about October 18, 2023.

20.     Per Defendant's letter of October 18, 2023, there are no additional reviews available, and Plaintiff has the right to file a lawsuit under ERISA.

21.     Defendant's determinations are against the weight of medical evidence, including but not limited to the opinions of Plaintiff's physicians and/or healthcare providers, and/or medical restrictions on Plaintiff's activities.

22.     Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that the Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents her from engaging in her own or any other occupation.

23.    Defendant has unreasonably refused to pay STD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendant's denial of benefits.

24.    Defendant, in evaluating Plaintiff's claim, has misapplied the provisions of the Plan, including by requiring information not required to establish eligibility for STD benefits.

25.    Defendant has disregarded the medical evidence presented which concluded Plaintiff was unable to work on a regular and consistent basis.

26.    Defendant failed to comply with their obligations as fiduciaries and to act in Plaintiff's best interests, and to provide pertinent information.

27.    Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

28.    Because Defendant has denied Plaintiff's STD claim, Plaintiff has been prohibited from receiving long-term disability benefits through the Plan.

## FIRST CLAIM FOR RELIEF:
## VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS

29.    At all pertinent times, Plaintiff was covered by the Plan, which included coverage for STD benefits, as set forth above.

30.    Upon information and belief, the Plan is subject to ERISA.

31.    At all pertinent times, Defendant was both claim fiduciary, fiduciary and/or administrator of the Plan, and/or claim administrator, within the meaning of ERISA.

32.    Defendant was otherwise delegated the authority to administer claims for STD benefits by the Plan.

33.     At all pertinent times, Plaintiff met the criteria for STD under the Plan including that she was unable to perform the functions of her own and/or any other occupation and provided reasonable documentation (medical or otherwise) of that fact.

34.     Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

35.     Defendant's wrongful conduct includes, but is not limited to:

A.      Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers;

B.      Failing to provide an adequate review and appeal;

C.      Failing to act in Plaintiff's best interests;

D.      Failing to consider credible evidence of functional impairments;

E.      Failing to reasonably interpret and apply the terms of the Plan;

F.      Failing to conduct a reasonable investigation; and

G.      Failing to reasonably and properly interpret and implement all Plan provisions.

36.     Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost STD benefits, and a worsening of her sickness/illness, and/or related employment benefits.

**DAMAGES**

37.    The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to:  Past and future economic damages, including but not limited to loss of STD and/or other related employment benefits.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

A.    A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

B.    An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or to return them to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of health insurance premiums otherwise covered by the policy;

C.    Retroactive reinstatement STD benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b);

D.    Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E.    Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1);

F.    Appropriate equitable relief including retraining of employees, and/or

providing notice to employees a full statement of available rights under

the Plan;

G.    An Order directing Defendant to process Plaintiff's claim for long-term

disability benefits; and

H.    Such other and further relief as this Court deems just and appropriate.

Dated this 23rd day of October, 2023.

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger, Esq.*

_____

Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
(303) 292-0044
Facsimile (303) 292-1466
Email: counsel@silvernbulger.com